# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1083V
(not to be published)

```
* * * * * * * * * * * * * * * * * * * * *
J.S.,                                     *
                                          *    Filed: January 19, 2023
              Petitioner,                 *
                                          *    Chief Special Master Corcoran
       v.                                 *
                                          *
SECRETARY OF HEALTH AND                   *
HUMAN SERVICES,                           *
                                          *
              Respondent.                 *
                                          *
                                          *
* * * * * * * * * * * * * * * * * * * * *
```

*Robert J. Krakow*, Law Office of Robert J. Krakow, New York, NY, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER GRANTING MOTION TO REDACT[1]

On August 30, 2016, J.S. filed an action seeking compensation under the National Vaccine Injury Compensation Program (the "Program"). Petitioner alleges that she suffered from "inappropriate tachycardia" and autonomic dysfunction, manifesting in a wide variety of conditions and symptoms (including joint pain, dizziness, nausea, and postural orthostatic tachycardia syndrome ("POTS")), after receipt of the human papillomavirus ("HPV") and Hepatitis A ("Hep. A") vaccines on August 4 and 19, 2015. *Id.* at 1. I denied entitlement on July 15, 2022 (ECF No. 109 ) (the "Entitlement Decision"). Petitioner appealed my determination, but her Motion for Review was denied on January 12, 2023 (ECF No. 120).

---

[1] Although this Order has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Order's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Order in its present form will be available. *Id.*

Petitioner has now requested, pursuant to Vaccine Rule 18(b), that her name be redacted to initials in the caption and throughout the Entitlement Decision. *See* Motion for Redaction, dated July 29, 2022 ("Mot.") (ECF No. 111). Respondent did not file anything in reaction to Petitioner's motion. For the reasons stated below, I hereby grant Petitioner's motion.

## ANALYSIS

Petitioner's redaction motion discusses the standards to be applied in weighing redaction requests, based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. CL. 440, 456–57 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Hum. Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. den'd on non-relevant grounds*, 109 Fed. Cl. 421 (2013). I have in other decisions reviewed the Vaccine Act's treatment of requests to redact Program decisions and rulings, as reflected in *W.C.* and *Langland*. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11387761, at *2–4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*, 123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b).

The Act provides for redaction from published decisions of certain categories of information—"medical files and similar files"—but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*, 100 Fed. Cl. at 460–61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7–8 (Petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460–61; *K.L.*, 2015 WL 11387761, at *2–3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made, without reconciling these two competing standards or choosing one over the other. *See, e.g., K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct.

2

30, 2015) (granting Petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

Here, I find it appropriate to grant the redaction proposed by Petitioner. Petitioner has established that she works as a teacher for children with special needs, and bases her request for redaction upon the argument that disclosure of the Entitlement Decision in its present form could adversely affect her employment and career. Mot. at 3. This constitutes a reasonable, persuasive basis for redaction specific to her career, and that goes beyond the general desire for privacy that virtually any Program claimant might express (but which is not by itself grounds for redaction). There is also no request for further redaction of information beyond Petitioner's initials, so the amount of redaction is minor and will not otherwise prevent the public from comprehension of the basis for my Entitlement Decision. I therefore conclude that Petitioner has made an adequate showing for her redaction request. *See N.W. v. Sec'y of Health & Human Servs.*, No. 07-93V, 2018 WL 5851061 (Fed. Cl. Spec. Mstr. Jul. 13, 2018) (granting Petitioner's motion for redaction; Petitioner's particular professional concerns outweighed the competing interest in disclosure).

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her full name in the Dismissal Decision in this case, and I therefore **GRANT** Petitioner's Motion to that extent.

- **The Clerk of this Court is hereby instructed to change the caption of this case to the following:**

```
* * * * * * * * * * * * * * * * * * * * * * * *
J.S.,                                          *
                                               *
                                               *
                Petitioner,                    *
                                               *
         v.                                    *
                                               *
SECRETARY OF HEALTH                            *
AND HUMAN SERVICES,                            *
                                               *
                Respondent.                    *
                                               *
* * * * * * * * * * * * * * * * * * * * * * * *
```

- **On or before February 23, 2023, Petitioner shall file (in accordance with Vaccine Rule 18(b)) a proposed redacted version of the Entitlement Decision redacting to initials all references in it to Petitioner by name.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master
